# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN NURSES ASSOCIATION, *et al.*, | |
| Plaintiffs, | Civil Action No. 1:26-cv-12443 |
| v. | |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND A STAY UNDER 5 U.S.C. § 705

Pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705, Plaintiffs American Nurses Association, American Association of Nurse Anesthesiology, National Association of Nurse Practitioners in Women's Health, National Association of Clinical Nurse Specialists, American College of Nurse-Midwives, American Holistic Nurses Association, Association of Pediatric Hematology/Oncology Nurses, Association of Women's Health, Obstetric and Neonatal Nurses, Chi Eta Phi Sorority, Inc., and Health Ministries Association (collectively, the Nurses Associations) respectfully move this Court for an order preliminarily enjoining Defendants the U.S. Department of Education and Linda McMahon, U.S. Secretary of Education, from relying on or enforcing the challenged portions of the Final Rule entitled *Reimagining and Improving Student Education—Federal Student Loan Program Final Regulations*, 91 Fed. Reg. 23768, 23882-83 (May 1, 2026), with respect to students pursuing advanced nursing degrees, and staying the effective date of the challenged portion of the Final

Rule pending a final ruling on the merits of this case. Absent relief, the Final Rule is set to take effect on July 1, 2026.

As set forth in the accompanying memorandum of law, and supported by the exhibits filed with this motion, the Nurses Associations satisfy the requirements for preliminary relief. The Final Rule excludes advanced nursing students from the higher federal student loan limits available to "professional student[s]" pursuing "professional degree[s]." *Id.* The Nurses Associations are likely to succeed on the merits because the Final Rule is contrary to law and arbitrary and capricious, in violation of the Administrative Procedure Act, to the extent it excludes advanced nursing students from the definition of professional students. The Nurses Associations and their members will also be imminently and irreparably harmed absent relief, including because members of the Nurses Associations who have committed to pursuing advanced nursing degrees—but who need to borrow above the loan limit under the Final Rule to finance their education—are now reconsidering whether they can afford to attend the programs of their choice and must delay their advanced studies, seek higher-interest financing, or drop their career plans entirely. And the balance of equities and the public interest weigh strongly in favor of relief, particularly given the vital role that advanced practice nurses play in America's healthcare system. A preliminary injunction and stay under 5 U.S.C. § 705 are necessary to prevent irreparable harm and preserve the status quo while this lawsuit proceeds.

Dated: June 2, 2026

Respectfully submitted,

/s/ *Megan Barbero*
Megan Barbero (MA Bar No. 668854)
Jay C. Johnson
Courtney L. Dixon
Kyle H. Keraga
Elizabeth M. Wilson
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Phone: 202-344-4000
Fax: 202-344-8300
mbarbero@venable.com

*Counsel for Plaintiff Nurses Associations*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that on June 2, 2026, I contacted Christian Dibblee of the U.S. Department of Justice, Civil Division, Federal Programs Branch (christian.r.dibblee@usdoj.gov) by email and provided notice of this motion. Mr. Dibblee stated that I may represent that although Defendants have not yet appeared in this case, they oppose the requested relief. Plaintiffs and Defendants have thus been unable to resolve or narrow the subject of this motion.

/s/ *Megan Barbero*
Megan Barbero

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ *Megan Barbero*
Megan Barbero