## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN NURSES ASSOCIATION, *et al.*,

              Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,

              Defendants.

Civil Action No. 1:26-cv-12443

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY
INJUNCTION AND A STAY UNDER 5 U.S.C. § 705**

**INTRODUCTION AND SUMMARY**

During the July 1, 2026 hearing, the Court invited the parties to address the effect of the preliminary relief granted in *American Association of Nurse Practitioners v. McMahon (AANP)*, No. 26-cv-01780, 2026 WL 1826176 (D.D.C. June 24, 2026), on the relief requested in this case. For the reasons explained below, *AANP* only confirms that the Nurses Associations are entitled to preliminary relief, and the Court should grant the Nurses Associations' motion and stay the challenged portions of the Final Rule. The Department is mistaken in urging that this Court should deny relief because of the preliminary relief entered in *AANP*. *E.g.*, ECF 48 (Surreply) at 8; ECF 51 (Transcript) at 26:4–9. The government continues to defend the Final Rule, *AANP* involves different plaintiffs in a different Circuit, and the D.C. district court's order "could be overturned or limited at any time." *California v. HHS*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019). "[O]verlapping" relief is a "common outcome of parallel" challenges to an agency rule, not a reason for the Court to deny relief to which the Nurses Associations are entitled. *Id.* at 1065.

**ARGUMENT**

**A.  *AANP* confirms that the Nurses Associations are entitled to relief.**

*AANP* makes clear that the Nurses Associations have satisfied all four factors governing their request for a stay or preliminary injunction. *AANP* confirms that the Nurses Associations have established a likelihood of success on the merits because Congress did "not direct the Department to develop a 'contextual' set of factors to add to the three-part test" in the statute, and the Department's contrary view is not supported by its "misguided" "reliance on the canons of interpretation." 2026 WL 1826176, at *16–17. *AANP* similarly reinforces that the Nurses Associations have shown that their members will face real and immediate harm if the Final Rule were to take effect. *Id.* at *19–20 (finding irreparable harm where plaintiffs' declarations

1

showed prospective students "may be forced to 'forgo their educational and professional goals'" or "may be pushed to accept" higher-interest private loans); *see also, e.g.*, ECF 44 (Hoppe Suppl. Decl.) (supplemental declaration of Hannah Hoppe explaining she has been accepted to a certified registered nurse anesthetist program for August 2026, is subject to lower loan limits, and may need to take out a private loan on less favorable terms). *AANP* also correctly recognizes that the harm of subjecting students to unlawful loan limits far outweighs any harm to the government from enjoining an unlawful rule. 2026 WL 1826176, at *20–21.

For all the reasons in *AANP*, as well as the reasons given in the Nurses Associations' papers, the Court should grant the Nurses Associations' motion and stay the challenged portions of the Final Rule. To be clear, this Court need not parse whether any particular degree meets the statutory definition—though the Final Rule itself acknowledges that MSN, DNP, and DNAP degrees *do* meet that definition. 91 Fed. Reg. 23768, 23795 (MSN), 23797 (DNP), 23798 (DNAP) (May 1, 2026). This Court can simply stay the effective date of the rule as the court did in *AANP*, with one requested clarification out of an abundance of caution.

The regulatory definition adopted by the Department contains three parts. *See* 91 Fed. Reg. at 23882–83. The *AANP* court stayed all of "part (i) of the" definition, which contains the non-statutory criteria added by the Department, as well as the "free-from-supervision requirement in the preamble." 2026 WL 1826176, at *22, 24. The court did not stay part (ii) of the definition, which provides a list of professional degrees, though the court made clear the list is not exhaustive. *Id.* The court also did not stay part (iii). A subsection of part (iii) provides, however, that "[a] professional student under this definition" "[m]ust be enrolled in a program leading to a professional degree under [part] (ii) of this definition," cross-referencing the enumerated list of professional degrees. 91 Fed. Reg. at 23882–83; *see* ECF 29 (ANA PI Mot.) at 7 (quoting rule). Again, the *AANP* order makes clear that it is contrary-to-law for the

2

Department to treat the list of degrees as exhaustive, rather than illustrative. But for clarity, and out of an abundance of caution, this Court should grant relief that specifies that part (iii)(B) of the definition is stayed to the extent it provides that a "professional student" "[m]ust be enrolled in a program leading to" only the enumerated list of degrees. 91 Fed. Reg. at 23882–83.[1] That clarification would prevent any confusion that the enumerated list of professional degrees is exhaustive and provide complete relief to the Nurses Associations.

### B. This Court should grant relief to the Nurses Associations even where a different court in a different Circuit granted relief to different plaintiffs.

Despite the Nurses Associations' showing on each of the preliminary injunction factors, the Department has asked this Court not to grant the requested relief because of the relief granted in *AANP*. Surreply at 8; Transcript at 26:4–9. But "overlapping injunctions" are a "common outcome of parallel" challenges to agency action, not "a reason for the Court to pass on exercising its duty to determine whether litigants are entitled to relief." *California*, 390 F. Supp. 3d at 1065. Courts have explained that where the government continues to defend the challenged action, the plaintiffs still have a real and present need for preliminary relief, even if "overlapping" relief has been granted by another court. *Id.*; *see also, e.g.*, *Mayor & City Council of Baltimore v. Azar*, 392 F. Supp. 3d 602, 618–19 (D. Md. 2019) (granting preliminary injunction where the plaintiff had established the preliminary injunction factors, despite "overlapping injunction" in a different case, because the government was defending the rule and the plaintiff was "not a party to the other cases").

---

[1] To the extent the government suggested at the hearing that this Court cannot stay part (iii) of the Rule under Section 705 because the effective date of the Rule has passed, Transcript at 30:17, the Department is mistaken, *Assoc. of Am. Univ. v. Dep't of Def.*, 792 F. Supp. 3d 143, 182 (D. Mass. 2025) ("[C]ourts 'routinely stay already-effective agency action under Section 705.'" (quoting *Haitian Evangelical Clergy Ass'n v. Trump*, 789 F. Supp. 255, 274 (E.D.N.Y. July 1, 2025)).

The same is true here. Far from standing down, the Department has maintained the validity of its Final Rule, both in this Court and in the *AANP* litigation. ECF 49-1 (Department Guidance) ("[T]he Department is confident that the professional degree definition in the RISE Final Rule is lawful and will continue to defend it."); *see also, e.g.*, Transcript at 29:1–2 ("[T]he Department, as it says in its guidance, feels that it interpreted the statute correctly in the [Final Rule]."); *id.* at 28:25–29:10 (noting the Department has not yet determined whether it will appeal the *AANP* stay order). The *AANP* stay order "could be overturned or limited at any time," whether by the district court on reconsideration or on appeal. *California*, 390 F. Supp. 3d at 1066; *see Northwest Immigrant Rights Project v. U.S. Citizenship & Immigration Servs.*, 496 F. Supp. 3d 31, 81 (D.D.C. 2020) (similar). And "even a temporary lag between the lifting of that injunction (or restriction of its geographic scope) and entry of an injunction by this Court" would leave the Nurses Associations, and the student members they represent, at risk. *Whitman-Walker Clinic, Inc. v. HHS*, 485 F. Supp. 3d 1, 59–60 (D.D.C. 2020). In such circumstances, district courts on a "routine basis" have entered "parallel" preliminary relief to protect plaintiffs in separate litigation. *California*, 390 F. Supp. 3d at 1065–66 (noting "three district courts" had already "issued parallel injunctions" against agency policy and granting another where plaintiffs had shown entitlement); *see, e.g.*, *Mayor & City Council of Baltimore v. Azar*, 392 F. Supp. 3d at 618–19; *Northwest Immigrant Rights Project*, 496 F. Supp. 3d at 81; *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 435 (E.D.N.Y. 2018); *Regeneron Pharms, Inc. v. HHS*, 510 F. Supp. 3d 29, 41 n.4 (S.D.N.Y. 2020); *City of Fresno v. Turner*, No. 25-cv-07070-RS, 2026 WL 1146290, at *9 (N.D. Cal. Apr. 28, 2026).

Parallel relief is especially appropriate here because this Court is "governed by the law of a different circuit" than the court that issued the *AANP* order. *Northwest Immigrant Rights Project*, 496 F. Supp. 3d at 81. And the parties and claims in *AANP* "do[] not track" this case in all respects. *Id. AANP* is brought by different associations

4

who have alleged standing and irreparable harm based on their members and associational interests; and those plaintiffs represent a variety of professional degrees affected by the Department's rule—such as marriage and family therapists, public health, and school counselors—which may result in different rulings on the merits. *See, e.g.*, *AANP*, 2026 WL 1826176, at *11–12 & n.3. This case, by contrast, is brought by Nurses Associations challenging only the Department's exclusion of advanced nursing degrees, and the Nurses Associations have alleged and shown harm to their members and their organizational interests from the challenged rule. The claims in the two cases are also not coextensive. *See, e.g.*, *id.* at *8. There is therefore no guarantee that any "stay or decision" on appeal in *AANP* would "resolve this case." *Northwest Immigrant Rights Project*, 496 F. Supp. 3d at 81. The Nurses Associations are entitled to their own relief based on this record and governed by the law of the First Circuit.[2]

The Department's argument also cuts against the ordinary course of litigation, in which "competing views" may be aired in different courts on issues of "national importance." *Northwest Immigrant Rights Project*, 496 F. Supp. 3d at 81. Indeed, while the government might choose to continue to defend a policy in the face of preliminary relief by one district court, it might reconsider if courts across the country conclude that it is likely unlawful. The grant of relief by one district court should not "shut down" consideration of preliminary relief in "all other, similar litigation." *Id.*; *see Regeneron Pharms, Inc.*, 510 F. Supp. 3d at 41 n.4 (similar).

---

[2] At the hearing, the government cited a decision from the U.S. District Court for the Western District of Washington, Transcript at 26:14–15, but in *Washington v. Trump*, 2017 WL 4857088 (W.D. Wash. 2017), the case to which the government appears to be referring, the court "postponed its consideration of a temporary restraining order" after "a court in the same circuit" granted preliminary relief, and thus the court "exercised its discretion to wait for the input of its own governing circuit," *Northwest Immigrant Rights Project*, 496 F. Supp. 3d at 80 (discussing and distinguishing *Washington*). That circumstance is not present here.

For similar reasons, the interim guidance issued by the Department on June 29 and updated on July 10, 2026, does not obviate the Nurses Associations' need for preliminary relief. That interim guidance is temporary and explicitly tied to the relief granted in *AANP* and thus could be revised or reversed depending on that separate litigation. *See* ECF 53-1, at 1. And while the Nurses Associations welcome the additional clarity provided by the Department's updated guidance, they should not be left to depend on the Department's voluntary corrections based on an order entered in a different case in which the Nurses Associations are not parties. The Nurses Associations have established each of the factors for preliminary relief and should be granted relief in their favor by this Court, which could enforce its order should circumstances warrant. *City of Fresno*, 2026 WL 1146290, at \*9 (finding preliminary relief granted "on behalf of *different* plaintiffs" did not provide "adequate coextensive relief").

## CONCLUSION

The Nurses Associations' motion for a preliminary injunction and a stay under § 705 should be granted.

Dated: July 13, 2026

Respectfully submitted,

/s/ *Megan Barbero*
Megan Barbero (MA Bar No. 668854)
Jay C. Johnson
Courtney L. Dixon
Kyle H. Keraga
Elizabeth M. Wilson
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Phone: 202-344-4000
Fax: 202-344-8300
mbarbero@venable.com

*Counsel for Plaintiff Nurses Associations*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ *Megan Barbero*
Megan Barbero